NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUSTIN PAUL DREILING,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-2155

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00491-EHM, Judge Edward H. Meyers.

---

Decided:  April 15, 2026

---

JUSTIN PAUL DREILING, Waynesville, MO, pro se.

JAMES WILLIAM POIRIER, I, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, LOURIE and REYNA, *Circuit Judges*.

PER CURIAM.

Staff Sergeant Justin Paul Dreiling appeals a decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. We *affirm*.

BACKGROUND

SSG Dreiling filed a complaint in the Court of Federal Claims alleging his son was denied the opportunity to play in the Fort Leonard Wood youth soccer league because his son had not received the annual influenza vaccine. Appx. 2; Appx. 11.[1] SSG Dreiling alleged: (1) the United States Army Installation Management Command (IMCOM) had no authority to promulgate IMCOM Regulation 608-10-1, which requires all children participating in youth sports leagues on base to receive the current influenza vaccine; and (2) IMCOM Regulation 608-10-1 violated SSG Dreiling's constitutionally protected parental rights. Appx. 11. SSG Dreiling sought injunctive relief to require that the IMCOM Commanding General deem IMCOM Regulation 608-10-1 unenforceable and allow his son to participate in Army sports leagues without regard to his vaccination status. Appx. 2; Appx. 19. The government moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Appx. 2. The Court of Federal Claims dismissed SSG Dreiling's complaint for lack of subject matter jurisdiction because SSG Dreiling failed to identify a money-mandating source of law within Tucker Act jurisdiction. Appx. 3–5. The court also concluded transferring the case to a district court would be futile because SSG Dreiling failed to state a claim that the delegation of authority to the IMCOM director to set vaccination

---

[1] "Appx." refers to the appendix attached to SSG Dreiling's brief.

policy was contrary to law. Appx 5–6. SSG Dreiling appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo whether the Court of Federal Claims has subject matter jurisdiction. *112 Genesee Street, LLC v. United States*, 166 F.4th 1017, 1021 (Fed. Cir. 2026). The Tucker Act grants the Court of Federal Claims subject matter jurisdiction for "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Under the Tucker Act, a plaintiff must identify a money-mandating source of law, which "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (cleaned up)).

SSG Dreiling identifies no money-mandating source of law grounding his claim for relief under the Tucker Act. Rather, SSG Dreiling argues that "[t]he plain language and Congressional history of the Tucker Act provide no indication that the Tucker Act is limited to monetary claims."[2] Dreiling Br. 17–18; *see id.* at 11 ("The plain language of 28 U.S.C. § 1491(a)(1), as conferred by Congress, also states . . . that the Court of Federal Claims has jurisdiction upon 'any' claim founded upon 'any regulation of the executive department.'"). Relying on Justice Thomas' concurrence in *Gamble v. United States*, SSG Dreiling argues

---

[2]    SSG Dreiling raised similar arguments before us regarding the scope of Tucker Act jurisdiction under a different set of facts in *Dreiling v. United States*, No. 2022-2292, 2023 WL 2534051 (Fed. Cir. Mar. 16, 2023).

we should overrule Supreme Court precedent to conform with SSG Dreiling's interpretation of the Tucker Act, which would allow plaintiffs to bring equitable claims before the Court of Federal Claims. *Id.* at 20–22 (quoting 587 U.S. 678, 710–23 (2019) (Thomas, J., concurring)).   In SSG Dreiling's view, "this Court truly has a duty and obligation to correct demonstrably erroneous precedents that are contrary to the original meaning of the law." *Id.* at 22.

This court has no power to overturn long-standing and binding Supreme Court precedent holding the Court of Federal Claims' jurisdiction is limited to monetary claims against the government. *See, e.g.*, *United States v. Jones*, 131 U.S. 1, 19 (1889); *Maine Cmty.*, 590 U.S. at 322–23. The Court of Federal Claims therefore did not err in holding it lacked subject matter jurisdiction over SSG Dreiling's claims.[3]

## CONCLUSION

We have considered SSG Dreiling's remaining arguments and find them unpersuasive.   Accordingly, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.

---

[3]    Because we conclude the Court of Federal Claims lacked subject matter jurisdiction, we do not address whether SSG Dreiling's complaint failed to state a claim.